UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

CHRISTOPHER S. POWERS,

    Plaintiff,

vs.

ILLINOIS TOOL WORKS

and

HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY,

    Defendants.
_____)

## COMPLAINT

The Plaintiff, CHRISTOPHER S. POWERS ("POWERS"), by and through his undersigned counsel, hereby sues ILLINOIS TOOL WORKS and HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY ("HARTFORD"), and alleges as follows:

### JURISDICTION, VENUE AND PARTIES

1. This action arises under ERISA or the Employee Retirement Income Security Act of 1974, 29 USC §§ 1001 et seq., and more particularly 29 USC §1132 (a) (1) (B) thereof. This Court has jurisdiction under 29 USC § 1132 (f), which grants to the federal court concurrent jurisdiction to determine claims under 29 USC §§ 1001 et seq. POWERS brings this action to recover long-term disability ("LTD") benefits due to him under the terms of an employee welfare benefit plan, to enforce his rights under the plan and to clarify his rights to benefits under the terms of the plan.

1

2. POWERS was at all times relevant a citizen of the United States of America and in all respects sui juris.

3. ILLINOIS TOOL WORKS is a corporation with its principal place of business in the State of Illinois, authorized to transact and is transacting business in the Southern District of Florida.

4. HARTFORD is a corporation with its principal place of business in the State of Connecticut, authorized to transact and is transacting business in the Southern District of Florida.

5. Venue is proper in this District under 29 USC 1132 (e)(2), in that the defendants are authorized to and are doing business within the Southern District of Florida and "may be found" in the Southern District of Florida

## FACTUAL ALLEGATIONS

6. This case arises out of the purposeful, unwarranted and unlawful denial of disability benefits to POWERS.

7. Prior to becoming disabled, POWERS was an employee of PMI Food Equipment Group, which is or was a subsidiary of Premark International, Inc, which is now a subsidiary of Illinois Tool Works.

8. At all times material, POWERS was a plan participant under the PMI Food Equipment Group long-term disability plan ("the LTD Plan"), which was part of the Premark International, Inc. Group Benefits Plan.  It is pursuant to the PMI Food Equipment Group long-term disability plan to which POWERS is entitled to benefits.  A copy of the Plan's Overview Booklet and Summary Plan Description as provided by Hartford has been attached hereto as Exhibit "A."

9. The LTD Plan is an employee welfare benefit plan within the meaning of Title 29, USC § 1002 and regulated by ERISA.

10. The LTD Plan is a self-funded LTD program that is funded solely by the Premark International, Inc., Welfare Benefit Trust.  HARTFORD is the Benefits Administrator which decides claims for benefits under the LTD Plan and for deciding any appeals of denied claims.

11. HARTFORD is the fiduciary charged with making benefit determinations under the LTD Plan, including the determinations made on POWERS's claim at issue.

12. Pursuant to the terms and conditions of the LTD Plan, POWERS is entitled to LTD benefits until age 65 or for the duration of his disability so long as he remains disabled as required under the terms of the LTD Plan.

13. According to the LTD Plan, disability is defined as follows:

> Disabled and Disability
>
> You are considered to be disabled or under a disability if you cannot perform the material duties of **your** occupation. You are only considered disabled or under a disability if you are under the care and treatment of a licensed physician, who is practicing within the scope of his or her license during the entire period of your disability.
>
> For purposes of LTD, if your disability continues for more than two years from the date you become disabled, "disability," for the purpose of further LTD benefit payments, will mean that you are unable to engage in **any** occupation for which you are reasonably fitted by education, training, or experience.

14. At all relevant times, POWERS complied with all conditions precedent and exhausted all required administrative remedies under the LTD Plan.

15. Since approximately April 8, 1994, POWERS has been unable to perform the material duties of his occupation.

16. Since approximately April 8, 1994, POWERS has been unable to engage in any occupation for which he is reasonably fitted by education, training, or experience.

17. At all relevant times, POWERS has been under the care and treatment of a licensed physician who is practicing within the scope of his or her license.

18. At all relevant times, POWERS was a Covered Person under the LTD Plan.

19. Shortly after becoming disabled, POWERS made a claim under the LTD Plan for disability benefits.

20. POWERS's claim for LTD benefits was initial approved and benefits were paid for the period of October 7, 1994 through July 26, 2019.

21. By way of a letter dated July 26, 2019, HARTFORD denied POWERS's continued claim for LTD benefits beyond July 26, 2019.

22. POWERS timely and properly submitted an appeal of HARTFORD's July 26, 2019 denial of his claim for LTD benefits.

23. By letter dated April 21, 2020, HARTFORD upheld its previous decision to deny benefits beyond July 26, 2019. Through its April 21, 2020 letter, Hartford also advised that its decision was final and that no further appeals would be considered as his administrative remedies had been exhausted.

24. From July 27, 2019 to the present, POWERS has not received benefits owed to him under the LTD Plan, despite POWERS's right to these benefits.

25. At all relevant times, HARTFORD was appointed by the Plan Administrator as the named fiduciary for deciding claims for benefits under the LTD Plan and for deciding

any appeals of denied claims.

26. At all relevant times, POWERS has been and remains Disabled and entitled to LTD benefits under the terms of the LTD Plan.

27. POWERS has been forced to retain the services of the undersigned counsel in order to prosecute this action and is obligated to pay a reasonable attorney's fee.

**CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COSTS PURSUANT TO 29U.S.C. § 1132(a)(1)(B)**

28. POWERS incorporates Paragraphs 1 through 27 as if fully set forth herein.

29. This is a claim to recover benefits, enforce rights, and clarify rights to future benefits under 29 U.S.C. §1132(a)(1)(B)

30. Pursuant to 29 U.S.C. §1132(a)(1)(B), POWERS, as a participant under the LTD Plan, is entitled to sue for judicial determination and enforcement of benefits.

31. POWERS has no other adequate remedy at law to address the injuries he has suffered and will continue to suffer as a result of the defendant's failure to pay his continued disability benefits.

32. POWERS has exhausted all administrative remedies under the LTD Plan.

33. Defendants breached the LTD Plan and violated ERISA in the following respects:

   (a) Failing to pay LTD benefit payments to POWERS at a time when they knew, or should have known, that POWERS was entitled to those benefits under the terms of the LTD Plan, as POWERS was disabled and unable to work and therefore entitled to benefits.

   (b) Failing to provide a prompt and reasonable explanation of the basis relied upon under the terms of the LTD Plan documents, in relation to

5

the applicable facts and LTD Plan provisions, for the termination of POWERS's claim for LTD benefits;

      (c)    After POWERS's claim was terminated in whole or in part, the defendants failed to adequately describe to POWERS any additional material or information necessary for POWERS to perfect his claim along with an explanation of why such material is or was necessary.

      (d)    The defendants failed to properly and adequately investigate the merits of POWERS's disability claim and failed to provide a full and fair review of POWERS's claim.

34. POWERS believes and thereon alleges that the defendants wrongfully terminated his claim for disability benefits under the LTD Plan by other acts or omissions of which POWERS is presently unaware, but which may be discovered in this future litigation and which POWERS will immediately make The defendants aware of once said acts or omissions are discovered by POWERS.

35. Following the termination of benefits under the LTD Plan, POWERS exhausted all administrative remedies required under ERISA, and POWERS has performed all duties and obligations on his part to be performed under the LTD Plan.

36. As a proximate result of the aforementioned wrongful conduct of the defendants, POWERS has damages for loss of disability benefits in a total sum to be shown at the time of trial.

37. As a further direct and proximate result of this improper determination regarding POWERS's claim for benefits, POWERS, in pursuing this action, has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), POWERS is entitled

to have such fees and costs paid by the defendants.

38. The wrongful conduct of the defendants has created uncertainty where none should exist, therefore, POWERS is entitled to enforce his rights under the terms of the LTD Plan and to clarify his right to future benefits under the terms of the LTD Plan.

## REQUEST FOR RELIEF

WHEREFORE, CHRISTOPHER S. POWERS prays for relief against ILLINOIS TOOL WORKS and HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY as follows:

1. Payment of disability benefits due Plaintiff;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Plan, with all ancillary benefits to which he is entitled by virtue of his disability, and that benefits are to continue to be paid under the LTD Plan for so long as Plaintiff remains disabled under the terms of the LTD Plan;

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of pre-judgment and post-judgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

DATED:  April 7, 2021

ATTORNEYS DELL AND SCHAEFER,
CHARTERED
Attorneys for Plaintiff
2404 Hollywood Boulevard
Hollywood, FL  33020

Phone: (954) 620-8300
Fax: (954) 922-6864

*S/ Alexander A. Palamara*
ALEXANDER A. PALAMARA, ESQUIRE
Florida Bar No: 0037170
Email: alex@diattorney.com
GREGORY MICHAEL DELL, ESQUIRE
Florida Bar No: 299560
Email: gdell@diattorney.com

8